IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK BATTALINE, an individual, and, VINCENT ROSS, an individual, | ) ) ) | Civil Action No.: |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | ELECTRONICALLY FILED |
| ADVEST, INC., a corporation | ) ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Mark Battaline and Vincent Ross, on behalf of themselves and others similarly situated, file the following Class Action Complaint, averring as follows:

1. This is a class action brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed in Pennsylvania by Defendant as stock brokers. Defendant gave such workers the title of Financial Advisor.

## JURISDICTION AND VENUE

2. This action arises under the Pennsylvania Minimum Wage Act of 1968, ("MWA") as amended, 43 Pa. C.S.C. §333.101-333.115; the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 Pa. C.S.A. §260.1 et seq.; and Pennsylvania common law.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 and this case is a class action in which the Plaintiff is a citizen of a state different from the Defendant.

4.      Venue for this action properly lies in the Western District of Pennsylvania, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

5.      Plaintiff, Mark Battaline, is an adult individual residing at 2828 Broadhead Road, Aliquippa, Pennsylvania, and is a citizen of Pennsylvania.

6.      Plaintiff, Vincent Ross, is an adult individual residing at 948 Jefferson Heights Road, Pittsburgh, Pennsylvania, and is a citizen of Pennsylvania.

7.      Defendant, Advest, Inc., is a Delaware corporation headquartered in Hartford, Connecticut.

## FACTUAL BACKGROUND

8.      During the past three years, Defendant has operated stock brokerage offices throughout Pennsylvania that sell financial securities, stocks and other financial investments.

9.      At all times, the wage and hour and all related employee compensation policies of Defendant's offices in Pennsylvania are and were dictated by, controlled by, and ratified by the Defendant.

10.     The Plaintiffs, Mark Battaline and Vincent Ross, are former employees of Defendant. They began working at Defendant's office in Pittsburgh, Pennsylvania as a stock broker in 2002. Their wages were exclusively comprised of commissions and bonuses derived from the sale of stocks and other financial products.

11.     The named Plaintiffs and every other broker at Defendant were routinely required to work in excess of forty (40) hours per week without receiving overtime compensation. The named Plaintiffs and every other broker at Defendant had sales of financial products, including

2

securities and stocks, as their primary duty and were compensated almost exclusively on the basis of commissions earned by the sales of such financial products.

12.   This is a class action brought on behalf of all persons who were improperly classified as "exempt" employees to recover overtime due to them under Pennsylvania law. These persons include current and former stock brokers employed at the Defendant's locations in Pennsylvania during the three years preceding the filing of this action.

13.   Pursuant to Defendant's uniform employment policies, brokers were classified as "exempt" and paid fixed commissions, irrespective of the hours they actually worked. During the class period, stock brokers have consistently worked considerably more than 40 hours per week.

14.   The duties of the brokers are set forth in uniform written company-wide policies and procedures promulgated by the Defendant.

15.   Plaintiffs and all other class members are inside salespeople who are and were paid primarily on a commission basis. They have received no overtime pay as required by law. Their primary duty has been the sale of financial products such as stocks. Stocks are intended for resale and, therefore, lack the retail notion required for exemption.

16.   The Plaintiffs and other class members are not administratively exempt because they do not meet the salary basis test and because their primary duty is the sale of securities.

17.   Some evidence generally reflecting the number of overtime hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiffs are unable to state at this time the exact amount owing to the class, Plaintiffs propose to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according

3

to proof thus obtained and presented to the court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden overcoming such testimony shifts to the employer.

## CLASS ACTION ALLEGATIONS

18. Paragraphs 1-17 are incorporated by reference as if the same were fully set forth herein.

19. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Fed.R.Civ.P. 23.

20. The class consists of:

> All persons employed within the three years preceding the filing of this action as a commissioned "financial advisor" in Pennsylvania by Defendant, who worked more than 40 hours in any given week.

Upon information and belief, Plaintiffs believe that the definition of the class will be further refined following discovery of Defendant's books and records.

21. Plaintiffs are unable to state the exact number of the class without discovery of Defendant's books and records but estimates the class to exceed several hundred individuals.

22. There are questions of law and fact common to the class which predominate over any questions affecting individual members only. These factual and legal questions include:

    a.    Whether Defendant's commissioned brokers were uniformly classified as exempt, in violation of the MWA or WPCL;

    b.    Whether Defendant failed to pay Plaintiffs and class members all overtime compensation due to them by virtue of their uniform designation of employees as exempt;

    c.    Whether Plaintiffs and class members were expected to and/or mandated to regularly work overtime;

4

  d. Whether the types of deductions routinely made from wages by the Defendant were legal;

  e. The correct statute of limitations for Plaintiffs' and class members' claims;

  f. The correct method of calculating back overtime pay;

  g. Whether Plaintiffs and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

  h. Whether Defendant has been unjustly enriched;

  i. Whether Plaintiffs and class members are entitled to restitution;

  j. Whether Defendant is liable for pre-judgment interest; and

  k. Whether Defendant is liable for attorney's fees and costs.

.

  23. Defendant has acted and refused to act on grounds generally applicable to the class.

  24. The claims of the representative Plaintiffs are typical of the claims of the class in that Plaintiffs were denied mandatory overtime wages as a result of Defendant's uniform policy of treating its brokers as exempt employees. This is the predominate issue which pertains to the claims of each and every class member.

  25. The class action is superior to other available methods for a fair and efficient adjudication of the controversy.

  26. Plaintiffs will fairly and adequately protect the interests of the class, as their interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to its brokers.

27. Counsel for Plaintiffs will adequately protect the interests of the class. Such counsel is experienced with employment/class litigation and has previously served as class counsel in employment litigation.

28. Plaintiffs and the class they represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

29. Defendant has engaged in a continuing violation of the MWA and the WPCL.

30. Plaintiffs, as well as the individuals they represent, was denied minimum wages as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

31. Defendant's action in denying overtime wages to Plaintiffs was intentional and constitutes a willful violation of the MWA and the WPCL.

## COUNT I - MWA

32. The allegations set forth in paragraphs 1 through 31 are incorporated herein.

33. The MWA provides, in relevant part, as follows:

> Employees shall be paid for overtime not less than one and one-half times the employee's regular rate as prescribed in regulations promulgated by the secretary.

43 P.S. §333.104(c)

34. As a consequence of Defendant's employment practices regarding its brokers, Plaintiffs and the class were denied statutory overtime wages.

35. Plaintiffs and the class were employees of Defendant within the meaning of the MWA and, as such, were entitled to the benefits of the MWA's overtime wage requirements.

6

36. Defendant is an employer within the meaning of the MWA.

37. Defendant's policy of not paying its brokers overtime wages represents and results in a violation of the MWA's minimum wage requirements.

38. Defendant has failed to pay appropriate overtime wages under the MWA.

WHEREFORE, Plaintiffs respectfully prays that this Court:

a) declare Defendant's conduct to be a violation of the MWA;

b) grant Plaintiffs and the class they represent a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the MWA;

c) order Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

d) order Defendant to pay appropriate back pay to Plaintiffs and the class they represent;

e) award counsel for Plaintiffs reasonable attorney's fees and costs; and

f) award any further relief which the Court deems appropriate under the circumstances.

## COUNT II - WPCL

39. The allegations set forth in paragraphs 1 through 38 are incorporated herein.

40. The WPCL provides, in relevant part, as follows:

> Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer... All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period. The wage shall be paid in lawful money of the United States or check, except that deductions provided by law, or as

7

> authorized by regulation of the Department of Labor and Industry for the convenience of the employer, may be made...

43 P.S. §260.3

41. Plaintiffs were employees of Defendant within the meaning of the WPCL and, as such, were entitled to timely payment of wages due to them.

42. Defendant is an employer within the meaning of the WPCL.

43. Defendant's policy of not paying its brokers overtime wages results in a violation of the WPCL.

44. Plaintiffs and the class have entered into an agreement with Defendant pursuant to which Plaintiffs and the class are to receive certain wages, in compensation for their work as brokers for Defendant.

45. Defendant's failure to pay overtime wages, as required by Pennsylvania law, represents a violation of its agreement with the brokers.

46. Any consent or agreement by Plaintiffs and the class whereby Plaintiffs and the class agree to forgo overtime wages is unenforceable as contrary to public policy, as set forth in the MWA.

WHEREFORE, Plaintiffs respectfully pray that this Court:

a) declare Defendant's conduct to be a violation of the WPCL;

b) grant Plaintiffs and the class they represent a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the WPCL;

c) order Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

d) order Defendant to pay appropriate back pay and appropriate liquidated damages to Plaintiffs and the class they represent;

e)     award counsel for Plaintiffs reasonable attorney's fees and costs; and

f)     award any further relief which the Court deems appropriate under the circumstances.

### COUNT III – UNJUST ENRICHMENT

47.     The allegations set forth in paragraphs 1 through 46 are incorporated herein.

48.     Plaintiff brings this Count III in the alternative to his claim under the WPCL.

49.     The agreement between the Defendant and the brokers (Plaintiffs and the members of the class), whereby the brokers agreed to be paid strictly on a commission basis, is an illegal contract because its provisions violate the public policy of this Commonwealth, intended to protect employees from being denied overtime wages, as detailed herein. The agreement is unenforceable because it is illegal.

50.     Plaintiffs, and members of the class, were not paid overtime wages.

51.     Defendant retained the benefits of the brokers' uncompensated work under circumstances which rendered it inequitable and unjust for the Defendant to retain such benefits without paying for their value.

52.     Defendant was unjustly enriched by requiring the Plaintiffs, and other members of the class, to work without overtime wages.

WHEREFORE, Plaintiff respectfully prays that this Court:

a)     declare the any agreement between the Defendant and the brokers whereby the brokers agreed to work without overtime wages to be illegal and unenforceable;

b)     declare Defendant to have been unjustly enriched;

c)     order Defendant to pay back to Plaintiffs and the class the amounts representing its unjust enrichment;

d)       order Defendant to make whole those persons adversely affected by the policies and practices described herein in an amount to be shown at trial; and

e)       award any further relief which the Court deems appropriate.

          Respectfully submitted,

          s/Gary F. Lynch
          Gary F. Lynch, Esquire
          PA I.D. 56887
          glynch@carlsonlynch.com

          R. Bruce Carlson, Esquire
          PA I.D. No. 56657
          bcarlson@carlsonlynch.com

          CARLSON LYNCH LTD
          P.O. Box 7635
          36 N. Jefferson Street
          New Castle, PA 16107
          (724) 656-1555

          A. Hoyt Rowell, III
          Daniel O. Myers
          RICHARDSON PATRICK
          WESTBROOK & BRICKMAN LLC
          1037 Chuck Dawley Blvd., Bldg A
          Mt. Pleasant, SC 29464

**JURY TRIAL DEMANDED**