# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARK BATTALINE, an individual, and ,
VINCENT ROSS, an individual,

           Plaintiff,

v.

ADVEST, INC., corporation,

           Defendant.

Civil Action No.  06-569

**Judge Gary L. Lancaster
Electronically Filed**

**STIPULATION RE: SETTLEMENT OF CLASS ACTION;
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTING
SETTLEMENT HEARING (EXHIBIT 1);
[PROPOSED] NOTICE TO CLASS MEMBERS (EXHIBIT 2);
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
(EXHIBIT 3);
AND
[PROPOSED] JUDGMENT (EXHIBIT 4)**

IT IS HEREBY STIPULATED AND AGREED by and between MARK

BATTALINE ("Battaline") and VINCENT ROSS ("Ross") (collectively, the "Class

Representatives"), on behalf of themselves and all others similarly situated, on the one hand, and

ADVEST, INC. ("Advest"),[1] on the other hand, as set forth below:

**I.     The Conditional Nature of This Stipulation.**

          This Stipulation re: Settlement and all associated exhibits or attachments (herein

"Stipulation") is made for the sole purpose of attempting to consummate settlement of this action

on a class-wide and collective basis.  This Stipulation and the settlement it evidences is made in

compromise of disputed claims.  Because this action was pled as a class action, this settlement

must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enter

into this Stipulation and associated settlement on a conditional basis.  In the event that the Court

---

[1] Merrill Lynch, Pierce, Fenner & Smith Incorporated acquired The Advest Group, Inc., including its
principal subsidiary, Advest, Inc., from AXA Financial, Inc., in December 2005.

does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Stipulation shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Stipulation shall remain subject to the mediation agreement signed by the parties, the ADR policies and procedures of the United States District Court for the Western District of Pennsylvania, and the provisions of Federal Rule of Evidence 408 and any similar state law.

Advest denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class and collective action allegations asserted in the Litigation. Advest has agreed to resolve this Litigation through this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, Advest does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class and/or collective action treatment on any grounds or assert any and all defenses or privileges. The Class Representatives and Class Counsel agree that Advest retains and reserves these rights and agree not to take a position to the contrary; specifically the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Advest could not contest class certification on any grounds if this Litigation were to proceed.

**II.    The Parties to this Stipulation.**

This Stipulation (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representatives (on behalf of themselves and each of the Settlement Class Members), with the assistance and approval of Class Counsel; and (ii) Advest, with the assistance of its counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

**III.    The Litigation.**

Class Representatives Battaline and Ross filed the instant action on April 28,

- 2 -

2006.  On behalf of themselves and other putative class members, the Class Representatives alleged that Advest violated certain Pennsylvania state laws by purportedly misclassifying its Pennsylvania Financial Advisors as "exempt" employees, i.e., employees who are exempt from premium overtime requirements and other wage and hour requirements imposed on employees who do not qualify for the "bona fide executive capacity," "bona fide administrative capacity," "bona fide professional capacity" or "retail or service establishment" exemptions under state law.

Soon after the Class Representatives filed their complaint, Advest investigated the various matters at issue.[2]  Following its investigation, Advest served initial disclosures pursuant to the Federal Rules of Civil Procedure.  Advest also filed a motion to compel arbitration of plaintiffs' claims.  After that motion was fully briefed, but prior to any hearing or decision on the motion by the Court, the parties scheduled a mediation with Mark Hornak, Esq., a respected Pittsburgh-based labor and employment attorney.  Prior to the mediation, Advest responded to requests for additional information and documents from the Class Representatives concerning Plaintiffs' employment with Advest and Advest's policies and practices more generally.  Advest also provided information to the Class Representatives concerning the scope of the proposed class.  On January 18, 2007, the Settling Parties held a mediation session in Pittsburgh, Pennsylvania, with Mr. Hornak.  Although the parties did not reach agreement at the mediation, they continued their negotiations over the next several weeks with Mr. Hornak's assistance.  On March 14, 2007, they reached the conditional agreement reflected herein.

Pursuant to this agreement, the Class Representatives have filed an amended complaint asserting the following claims, all of which will be resolved by the proposed settlement:

On behalf of a putative collective action class of all individuals who worked for Advest in the United States as Financial Advisors at any time since April 28, 2003, but who did not and never did become employed by Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") after it acquired Advest in December 2005, the Class Representatives assert

---

[2] Through this Stipulation, Advest in no way concedes liability or wrongdoing with regard to any of the claims alleged.

claims for alleged unpaid overtime and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

On behalf of a putative Rule 23 class of all individuals who worked for Advest in Connecticut as Financial Advisors at any time since April 28, 2003, but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005, the Class Representatives assert claims under Connecticut law including, but not limited to, claims for alleged unpaid overtime and alleged improper deductions for errors, supplemental staffing costs and/or payment of business expenses.

On behalf of a putative Rule 23 class of all individuals who worked for Advest in Florida as Financial Advisors at any time since April 28, 2003, but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005, the Class Representatives assert claims under Florida law including, but not limited to, claims for alleged unpaid overtime and alleged improper deductions for errors, supplemental staffing costs and/or payment of business expenses.

On behalf of a putative Rule 23 class of all individuals who worked for Advest in Massachusetts as Financial Advisors at any time since April 28, 2003, but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005, the Class Representatives assert claims under Massachusetts law including, but not limited to, claims for alleged unpaid overtime and alleged improper deductions for errors, supplemental staffing costs and/or payment of business expenses.

On behalf of a putative Rule 23 class of all individuals who worked for Advest in New York as Financial Advisors at any time since April 28, 2000, but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005, the Class Representatives assert claims under New York law including, but not limited to, claims for alleged unpaid overtime and alleged improper deductions for errors, supplemental staffing costs and/or payment of business expenses.

On behalf of a putative Rule 23 class of all individuals who worked for Advest in Ohio as Financial Advisors at any time since April 28, 2003, but who did not and never did

become employed by Merrill Lynch after it acquired Advest in December 2005, the Class Representatives assert claims under Ohio law including, but not limited to, claims for alleged unpaid overtime and alleged improper deductions for errors, supplemental staffing costs and/or payment of business expenses.

On behalf of a putative Rule 23 class of all individuals who worked for Advest in Pennsylvania as Financial Advisors at any time since April 28, 2003, but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005, the Class Representatives assert claims under Pennsylvania law including, but not limited to, claims for alleged unpaid overtime and alleged improper deductions for errors, supplemental staffing costs and/or payment of business expenses.

## IV.    Defendant's Denial of Wrongdoing or Liability.

Advest and the Advest Releasees deny all of the claims and contentions alleged by the Class Representatives in the Litigation.  Nonetheless, Advest has concluded that further conduct of the Litigation might be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Advest has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party cases like this Litigation.  Advest has therefore determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## V.     Claims of The Class Representatives and Benefits of Settlement.

The Class Representatives and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports the claims.  The Class Representatives and Class Counsel, however, recognize and acknowledge the expense and length of the type of continued proceedings necessary to prosecute the Litigation against the Advest through trial and through appeals.  The Class Representatives and Class Counsel also recognize that Advest has defenses to both the class allegations and merits of the claims.  The Class Representatives and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this Litigation, as well as the

difficulties and delays inherent in such litigation.  In light of these considerations, the Class

Representatives and Class Counsel are also mindful of the inherent problems of proof in

establishing, and overcoming potential defenses to, the claims asserted in the Litigation.  The

Class Representatives and Class Counsel also recognize that the initial disclosures and the

documents and information provided by Advest have clarified the policies and practices at issue

in the Litigation.  The Class Representatives and Class Counsel believe that the settlement set

forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based upon their

evaluation, the Class Representatives and Class Counsel have determined that the settlement set

forth in the Stipulation is in the best interests of the Class Representatives and the Settlement

Class.

**VI.    Terms of Stipulation and Agreement of Settlement.**

             NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND

AGREED by and between the Class Representatives (for themselves and the Settlement Class

Members) and Advest, with the assistance of their respective counsel or attorneys of record, that,

as among the Settling Parties, including all Settlement Class Members, the Litigation and the

Released Claims shall be finally and fully compromised, settled and released, and the Litigation

shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and

conditions of the Stipulation and the Judgment.

        1.      Definitions.

             As used in all parts of this Stipulation, the following terms have the meanings

specified below:

        1.1      "Advest" means Advest, Inc., a Delaware corporation and the defendant

in the Litigation.

        1.2      "Advest Releasees" or "The Advest Releasees" means Advest, each of its

affiliates (including, but not limited to, AXA Financial, Inc., and any other parents and/or

subsidiaries), predecessors, successors (including, but not limited to, Merrill Lynch), divisions,

joint ventures and assigns, and each of those entities' past or present directors, officers,

employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers,

shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

       1.3     "Available Claims Settlement Pool" means the Maximum Settlement Amount less (a) Class Counsel's attorney's fees and costs as approved by the Court; and (b) incentive payments to the Class Representatives as approved by the Court.  In other words, the Available Claims Settlement Pool is that portion of the Maximum Settlement Amount that will be available to pay participating Class Members.

       1.4     "Claims Administrator" means the third-party claims administration firm of Rust Consulting, Inc.

       1.5     "Class" means the collective group of those individuals who are Class Members as that term is defined herein.

       1.6     "Class Counsel" means the law firm of Carlson Lynch.

       1.7     "Class Member" or "Member of the Class" means a person who is a member of either the FLSA Class or the Rule 23 Class or both—in other words, every individual who is eligible to become part of the Settlement Class, even if, in the case of a member of the FLSA Class, that individual does not opt into the Litigation or, in the case of a member of the Rule 23 Class, that individual opts out of the Litigation.

       1.8     "Class Period" is defined as follows:

       1.8.1     With respect to Financial Advisors who worked in any portion of the United States other than the States of New York, California or Illinois, the period that runs from April 28, 2003, through the Preliminary Approval Date.

       1.8.2     With respect to Financial Advisors who worked in California, the period that runs from April 28, 2002, through the Preliminary Approval Date.

       1.8.3     With respect to Financial Advisors who worked in Illinois, the period that runs from April 28, 2001, through the Preliminary Approval Date.

       1.8.4     With respect to Financial Advisors who worked in New York, the period that runs from April 28, 2000, through the Preliminary Approval Date.

1.9    "Class Representatives" means Mark Battaline and Vincent Ross, the plaintiffs in the Litigation.

1.10    "Connecticut Subclass" means the collective group of those individuals who were employed by Advest in Connecticut at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest.

1.11    "Court" means the United States District Court for the Western District of Pennsylvania.

1.12    "Effective Date" means the date on which the Judgment becomes Final.

1.13    "Final" means: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.14    "Financial Advisor" or "Financial Advisors" or "FA" or "FAs" mean those Persons employed by Advest as Financial Advisors or Investment Executives as those terms were commonly used by Advest.

1.15    "Florida Subclass" means the collective group of those individuals who were employed by Advest in Florida at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest.

1.16    "FLSA Class" means the collective group of those individuals who (a) were employed by Advest in the position of Financial Advisor at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest, but (b) who are not members of the Rule 23 Class. Such persons will become members of the Settlement Class to the extent they properly opt into the Litigation. Any person meeting the criteria set forth in Paragraph 1.40 below is a member of

- 8 -

the Rule 23 Class and not the FLSA Class and therefore must opt out of the litigation in order to be excluded from the Settlement Class.

       1.17    "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation substantially in the form attached hereto as Exhibit 4.

       1.18    "Last Known Address" means the most recently recorded mailing address for a Class Member as such information is contained in Advest's payroll records.

       1.19    The "Litigation" or the "Lawsuit" means the lawsuit entitled MARK BATTALINE, an individual, and VINCENT ROSS, an individual, Plaintiffs, v. ADVEST, INC., a corporation, Defendant, United States District Court for the Western District of Pennsylvania, Civil Action No. 06-569.

       1.20    "Massachusetts Subclass" means the collective group of those individuals who were employed by Advest in Massachusetts at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest.

       1.21    "Maximum Settlement Amount" mean the absolute maximum amount that Advest potentially might pay under the terms of this Stipulation.  The Maximum Settlement Amount is calculated by multiplying by $70 the number of Qualifying Work Months.  The Maximum Settlement Amount is currently estimated to be $847,840.00.  This estimated number of Qualifying Work Months (12,112), however, is still subject to final verification against Advest's payroll records.

       1.22    "Merrill Lynch" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, the company that acquired Advest in December 2005.

       1.23    "New York Subclass" means the collective group of those individuals who were employed by Advest in New York at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest.

1.24    "Notice re: Pendency of Class Action" or "Notice To Class Members Re: Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class Notice" means a notice (and associated response forms) entitled "[Proposed] Notice To Class Members" to be approved by the Court substantially in the form attached hereto as Exhibit 2.

1.25    "Notice Mailing Deadline" means the date thirty (30) days after the Preliminary Approval Date.

1.26    "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is mailed to the Class Members by the Claims Administrator.

1.27    "Ohio Subclass" means the collective group of those individuals who were employed by Advest in Ohio at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest.

1.28    "Opt In" means a copy of the form attached as Form B to the Notice re: Pendency of Class Action, in the same or substantially the same manner as set forth in Exhibit 2, that is completed, properly executed by a FLSA Class Member, timely returned to the Claims Administrator and filed by Class Counsel with the Court.

1.29    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Determining Good Faith and Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit 3.

1.30    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Notice re: Pendency of Class Action.

1.31    "Pennsylvania Subclass" means the collective group of those individuals who were employed by Advest in Pennsylvania at any time during the Class Period who did not and never did become employed by Merrill Lynch as a Financial Advisor after Merrill Lynch's acquisition of Advest.

1.32    "Preliminary Approval Date" mean the date on which the Court enters the Preliminary Approval Order.

1.33    "Preliminary Approval Order" or "Order Granting Preliminary Approval for the Settlement and Setting a Settlement Hearing" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing" substantially in the form attached hereto as Exhibit 1.

1.34    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to the Claims Administrator.

1.35    "Qualifying Work Month" is any calendar month in which a Class Member was employed by Advest as a Financial Advisor during the Class Period.  The Class Member in question need not have worked during the entire calendar month period for it to qualify as a Qualifying Work Month.  The total number of Qualifying Work Months estimated to have been worked by the Class is 12,112, subject to final verification against Advest's payroll records.

1.36    "Reasonable Address Verification Measure" means the use of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address.

1.37    "Released Claims" mean, collectively, any and all claims, including Unknown Claims as defined in Paragraph 1.47 hereof, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Advest Releasees, or any of them, that accrued at any time on or prior the Preliminary Approval Date for any type of relief, including, without limitation, claims for wages, overtime pay, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including, without limitation, claims for unpaid overtime wages and/or meal and rest period violations alleging, or flowing from

- 11 -

alleged, misclassification of employees as exempt employees, i.e., employees who are exempt under federal and/or state law from premium overtime requirements, meal and rest period requirements, and/or all other wage and hour requirements imposed on employees who do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions and the commissioned salesperson and/or "retail or service establishment" exemptions set forth under state and/or federal law; (b) any and all claims alleging the improper imposition of costs or penalties for errors or mistakes on employees, including, without limitation, claims for improper charges, adjustments during the calculation of commissions and/or deductions from commissions for trading errors; and (c) any and all claims for charges, adjustments during the calculation of commissions and/or deductions from commissions or failure to reimburse alleged business costs, including, without limitation, claims related to costs spent on or imposed for supplemental support staff or any other business expenses. The Released Claims include claims meeting the above definition under any and all applicable statutes in any jurisdiction, including, without limitation, the federal Fair Labor Standards Act, the Portal to Portal Act, and any statute of any state and/or the District of Columbia.

1.38    "Rule 23 Class" means the collective group of those individuals who are members of any of the following subclasses as defined herein: the Connecticut Subclass, the Florida Subclass, the Massachusetts Subclass, the New York Subclass, the Ohio Subclass and/or the Pennsylvania Subclass.

1.39    "Settlement Claim Certification Form" means the form attached as Form C to the Notice re: Pendency of Class Action, in the same or substantially the same manner as set forth in Exhibit 2.

1.40    "Settlement Class" means the collective group of all Rule 23 Class Members who do not opt out of the Settlement Class and all FLSA Class Members, and thus means the collective group of all of the Class Members who will become bound by the Judgment if the Effective Date occurs.

1.41    "Settlement Class Member" or "Member of the Settlement Class" means any person who is a member of the Settlement Class.

1.42    "Settlement Hearing" or "Fairness and Good Faith Determination Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Stipulation and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; and (iii) entering Judgment.

1.43    "Settlement Sum" means the total, gross amount due to an individual Participating Claimant, which shall be the gross sum of the Settlement Sum Variable multiplied by the number of Qualifying Work Months worked by that Participating Claimant. For example, if a Participating Claimant worked 30 Qualifying Work Months and submitted a Qualifying Settlement Claim Certification Form, then, according to current estimates, his or her Settlement Sum would be approximately $1357.46.

1.44    "Settlement Sum Variable" shall be the Available Claims Settlement Pool divided by the total number of qualifying work months worked by all Class Members as Financial Advisors for Advest as reflected in Advest's payroll records.

1.45    "Settling Parties" means Advest and the Class Representatives on behalf of themselves and all Members of the Settlement Class.

1.46    "Stipulation" means this Agreement, the Stipulation Re: Settlement of Class Action and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval. It is understood and agreed that Advest's obligations for payment under this Stipulation are conditioned on, among other things, the occurrence of the Effective Date.

1.47    "Unknown Claims" means any Released Claims which the Class Representatives or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the the Advest Releasees, or might

have affected his or her decision to opt into or out of the Class or to object to this settlement.
With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon
the Effective Date, the Class Representatives shall expressly and each of the Settlement Class
Members shall be deemed to have, and by operation of the Judgment shall have, waived the
provisions, rights and benefits of California Civil Code section 1542 and any similar provision of
federal law or the law of any state. Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the
> release, which if known by him or her must have materially affected his or
> her settlement with the debtor.

The Class Representatives and each Settlement Class Member may hereafter discover facts in
addition to or different from those which they now know or believe to be true with respect to the
subject matter of the Released Claims, but the Class Representatives and each Settlement Class
Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment
shall have, fully, finally, and forever settled and released any and all Released Claims, known or
unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or
hidden, which then exist, or heretofore have existed upon any theory of law or equity now
existing or coming into existence in the future, including, but not limited to, conduct which is
negligent, intentional, with or without malice, or a breach of any duty, law or rule, without
regard to the subsequent discovery or existence of such different or additional facts. The Class
Representatives acknowledge, and the Settlement Class Members shall be deemed by operation
of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for
and a key element of the settlement of which this release is a part.

     1.48    "Updated Address" means a mailing address that was updated by a
Reasonable Address Verification Measure or by an updated mailing address provided by the
United States Postal Service or a Class Member.

- 14 -

2.       The Settlement.

2.1     *Consideration to Settlement Class Members*

2.1.1            Advest, itself or through the Claims Administrator, and according to the terms, conditions and procedures set forth in this Section VI of this Stipulation, shall pay each Participating Claimant his or her Settlement Sum.  To the extent possible, these payments shall be paid by one check delivered at or about the same time.  The Settlement Sums shall be allocated for reporting reasons as follows: (a) fifty percent shall be deemed payment in settlement of claims for unpaid wages; and (b) fifty percent shall be deemed payment in settlement of claims for liquidated damages, penalties, punitive damages, interest and all other non-wage recovery.

2.1.2            As further detailed in Paragraphs 2.2.1, 2.2.2 and 2.8.2, and for each payment made pursuant to Paragraphs 2.6.2 and 2.8.2, Advest, itself or through the Claims Administrator, will report each payment to government authorities including the Internal Revenue Service as required by law, and it shall make all required deductions and/or withholdings.

2.2     *Taxes*

2.2.1            Those payments allocated to the settlement of claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to the Participating Claimant on a Form W-2 or other appropriate tax form.  Those payments allocated to all other claims, including, without limitation, claims for reimbursement, liquidated damages, penalties, punitive damages, interest and other non-wage recovery, (a) shall not be subject to required withholdings and deductions, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 or on a Form W-2 or other appropriate tax form as non-wage income.  Other than as set forth above, Advest will not, unless otherwise required by law, make, from the Settlement Sum of each Participating Claimant, any deductions, withholdings or additional payments, including, without limitation, medical or other insurance

payments or premiums, wage garnishments, or charity withholdings. Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit or other compensation plan provided by Advest.

        2.2.2        Other than the withholding and reporting requirements set forth in Paragraphs 2.2.1, 2.8.1 and 2.8.2, Participating Claimants shall be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Section VI of this Stipulation. Advest makes no representations and it is understood and agreed that Advest has made no representations as to the taxability of any portions of the settlement payments to any Participating Claimants, the payment of any costs or an award of attorney fees, or any payments to The Class Representatives. The Notice re: Pendency of Class Action will advise Class Members to seek their own tax advice prior to acting in response to that notice, and the Class Representatives and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

        2.3        *Court Approval of Notice to the Class; Settlement Hearing.*

        2.3.1        The Class Representatives and Advest, through their counsel of record in the Litigation, shall file this Stipulation with the Court and shall jointly move for preliminary approval of this Stipulation. Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the good faith of the settlement, granting final approval of the settlement, granting final approval of this Stipulation and entering Judgment. Through this same motion, the Class Representatives, through Class Counsel, shall advise the Court of the agreements set forth in Paragraphs 2.8.1 & 2.8.2 of this Stipulation.

        2.3.2        Failure of the Court to enter the Preliminary Approval Order in its entirety or in a substantially similar form will be grounds for the Settling Parties to terminate the settlement and the terms of this Stipulation.

2.3.3          If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, The Class Representatives and Advest, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.4      *Notice to Class Members*.

2.4.1          If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice Re: Pendency of Class Action to Class Members, Advest, through its counsel of record and/or the Claims Administrator, will facilitate the mailing to all Class Members at their Last Known Addresses of the Class Notice. This Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid.

2.4.2          This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

2.4.3          Advest shall prepare the name, Last Known Address, and number of Qualifying Work Months for each Class Member for the Claims Administrator so that the Claims Administrator can engage in the processing and mailing of each Class Notice.

2.4.4          Prior to mailing the Class Notice to each Class member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member. To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.4.5          Prior to mailing the Class Notice to each Class Member, and to the extent possible within the requisite deadlines, the Claims Administrator shall include in the space provided on each Class Notice the number of Qualifying Work Months for each Class Member.

- 17 -

2.4.6        Unless the parties agree otherwise in writing or the Court so orders, each of the Notices shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

2.4.7        Advest shall be responsible for all costs of the mailing described in Paragraphs 2.4.1 through 2.4.6, which shall be the fees charged by the Claims Administrator, the cost of the envelope in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice. No other materials beside the Class Notice will be included in this mailing.

2.4.8        Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Paragraph, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent seven days (7) days after mailing. In the event that, subsequent to the first mailing of a Notice Re: Pendency of Class Action and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed at that point, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender," the Claims Administrator shall again undertake a Reasonable Address Verification Measure to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Notice within five (5) days of receiving such information; if no Updated Address is obtained for that Class Member, the Class Notice shall be sent again to the Last Known Address. In either event, the Notice Re: Pendency of Class Action shall be deemed received once it is mailed for the second time.

2.5        *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval*.

- 18 -

2.5.1         Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s). Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election. The Notice Re: Pendency of Class Action will advise Class Members of this option.

2.5.2         FLSA Class Members must "opt in" to the litigation in order to become members of the Settlement Class. FLSA Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Otherwise, those FLSA Class Members will be deemed to have forever waived their right to become part of the Settlement Class. FLSA Class Members who do not properly opt in shall have no further role in the Litigation, and for all purposes except the calculation of the number of Qualifying Work Months as defined in Paragraph 1.37 above, they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations. The Claims Administrator shall promptly deliver to Class Counsel within 14 calendar days after the Notice Response Deadline any and all timely submitted Opt In Forms, which Class Counsel shall file with the Court. No Class Member shall be permitted both to opt into the FLSA Class and to opt out of the Rule 23 Class.

2.5.3         Rule 23 Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Lawsuit and the Settlement Class. Rule 23 Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Otherwise, those Rule 23 Class Members will be deemed to have forever waived their right to opt out of the Settlement Class. Rule 23 Class Members who do not properly opt out shall be deemed Members of the Settlement Class (along with all FLSA Class Members who opt in). Rule 23 Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations. No

- 19 -

Class Member shall be permitted both to opt into the FLSA Class and to opt out of the Rule 23 Class.

        2.5.4        Class Members may also object to the Stipulation by submitting written objections to Class Counsel (either directly or through the Claims Administrator) no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option. Any objections must be in writing and timely submitted or else they are waived.  Class Counsel shall immediately provide any such objections to Advest and subsequently the Court in the final approval process.

        2.5.5        FLSA Class Members who opt in pursuant to Paragraph 2.5.2 and Rule 23 Class Members who do not opt out of the Settlement Class pursuant to Paragraph 2.5.3 all may elect to become Participating Claimants.  Class Members who wish to exercise this option and certify their entitlement to payment under the settlement must fully complete, execute and mail, per the instructions therein, the form entitled "Settlement Claim Certification Form" attached to the Notice Re: Pendency of Class Action as Form C.  If a completed and properly executed Settlement Claim Certification Form is not received by the Claims Administrator from a Class Member and postmarked on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this settlement.  As long as they do not properly opt out, Rule 23 Class Members who do not submit Settlement Claim Certification Forms in a timely and proper fashion shall nevertheless be deemed Members of the Settlement Class and shall be subject to the Judgment.  Only Participating Claimants, however, shall be entitled to payment pursuant to the Judgment.  It is agreed and understood that, in light of the Settlement Sum Variable, if all Class Members become Participating Claimants and submit claims, then Advest will pay the total Avaliable Claims Settlement Pool to all Participating Claimants, but if fewer than one hundred percent of Class Members become Participating Claimants or fewer than one hundred percent submit claims, then Advest will pay less than the Available Claims Settlement Pool to Participating Claimants.

2.5.6        Rule 23 Class Members who both opt out and submit Settlement Claim Certification Forms shall be sent a cure letter by the Claims Administrator seeking clarification of which response they want to submit.  Absent any cure, they will be deemed Participating Claimants.  Any such cure letter is subject to the prior approval of Advest and Class Counsel.

2.5.7        FLSA Class Members who fail to submit Opt In Forms but who submit Settlement Claim Certification Forms shall be sent a cure letter by the Claims Administrator seeking clarification of which response they want to submit.  Absent any cure, they will be deemed not to have opted into the Litigation.  Any such cure letter is subject to the prior approval of Advest and Class Counsel.

2.5.8        FLSA Class Members who submit Opt In Forms but who also attempt to opt out shall be sent a cure letter by the Claims Administrator seeking clarification of which response they want to submit.  Absent any cure, they will be deemed to have opted into the Litigation.  Any such cure letter is subject to the prior approval of Advest and Class Counsel.

2.5.9        Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Re: Pendency of Class Action as Exhibit A.

2.5.10        Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representatives and Advest shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Through this motion, the Settling Parties shall advise the Court of the agreements in Paragraphs 2.8.1 and 2.8.2 of this Section VI of this Stipulation.  The Class Representatives and Class Counsel shall be responsible for justifying the agreed upon payments set forth in Paragraphs 2.8.1 and 2.8.2 of this Stipulation.  To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing.  The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the

Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void ab initio, and Advest shall have no obligations to make any payments under the Stipulation.

2.6 *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

2.6.1 Within sixty (60) days of and only after the Effective Date, Advest, itself or through the Claims Administrator, shall pay to each Participating Claimant his or her relevant Settlement Sum.

2.6.2 In accordance with the terms of Paragraphs 2.1.1, 2.1.2 and 2.2.1, Advest, itself or through the Claims Administrator, shall issue to each Participating Claimant one check (or more if necessary for administrative convenience) payable to the Participating Claimant, from Advest (or from an account administered by the Claims Administrator but funded by Advest), for the gross amount of the Settlement Sum, less relevant withholdings. Advest, itself or through the Claims Administrator, shall mail this check(s) to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, on or before the date which is sixty (60) days after the Effective Date.

2.6.3 Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of at least ninety (90) days from the date of mailing, and the funds associated with any checks which are not properly or timely negotiated shall remain the property of Advest and shall not be paid to anyone other than Advest. The Settling Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, cy pres, or other distribution not provided for in this Stipulation. Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Judgment.

2.6.4 Following the mailing of the payments to Participating Claimants discussed in Paragraph 2.6.2, the Claims Administrator shall provide counsel with a written confirmation of this mailing. Upon receipt of this confirmation, Class Counsel will file within

10 calendar days a notice or acknowledgement of satisfaction of judgment with the Court in the

Litigation on behalf of the Settlement Class.

      2.7     *Releases.*

      2.7.1     Upon the Effective Date, The Class Representatives and each of

the Settlement Class Members (and only these persons) shall be deemed to have, and by

operation of the Judgment shall have, fully, finally, and forever released, dismissed with

prejudice, relinquished and discharged all Released Claims.

      2.8     *Payment of Costs and Attorney Fees to the Class Representatives.*

      2.8.1     Class Counsel shall be entitled, subject to Court approval and the

occurrence of the Effective Date, to recover appropriate costs and attorney fees from Advest

pursuant to applicable law.  Within 10 business days after the court's order approving an award

of attorney's fees and costs, if any, becomes final, and only if the Effective Date occurs, and

again subject to Court approval, Advest will pay Class Counsel up to 33% of the Maximum

Settlement Amount for all attorney fees and allowable Litigation costs and expenses.  Payments

made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or

costs, and the Class Representatives and Class Counsel, on behalf of themselves and all

Settlement Class Members, agree that they shall not seek nor be entitled to any additional

attorney fees or costs under any theory.  The Class Representatives and Class Counsel agree that

they shall be responsible for justifying the amount of this cost and fee payment to the Court, and

they agree to submit the necessary materials to justify this payment along with the Settling

Parties' joint motion for final approval of the Stipulation pursuant to Paragraph 2.3.1.  Advest

agrees not to oppose any submission regarding, or request for approval of, this payment of fees

or costs provided it is consistent with this Stipulation.  In the event that the Court (or appellate

court) awards less than the maximum amount for attorney fees and/or costs, only the awarded

amounts shall be paid and shall constitute satisfaction of the obligations of this Paragraph and

full payment thereunder, and any remaining or unawarded portion of the maximum fee and cost

awards shall remain the property of Advest.  If the Effective Date occurs, Advest shall make this

payment pursuant to this Paragraph to Class Counsel directly, and Class Counsel shall provide

counsel for Advest with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Stipulation or law, which Advest shall make, Class Counsel and the Class Representatives shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph. Other than as provided in this Paragraph 2.8.1 for the limited purpose discussed herein, no party shall be deemed the prevailing party for any other purposes of the Litigation.

              2.8.2              Within 10 business days after the Effective Date, and only in the event that the Effective Date occurs, Advest will forward the following two checks: (a) a check payable to Mark Battaline, in his personal capacity only and via his counsel of record, in the gross amount of ten thousand United States dollars; and (b) a check payable to Vincent Ross, in his personal capacity only and via his counsel of record, in the gross amount of ten thousand United States dollars. These payments shall be compensation and consideration for Battaline's and Ross' efforts as the Class Representatives in the Litigation. The Class Representatives' Settlement Sums as Participating Claimants may, at Advest's election, be paid concurrently with the payments described in this Paragraph or, in the alternative, separately at the time the payments to the other Participating Claimants are made. Through this agreement, Mark Battaline and Vincent Ross agree to be Members of the Settlement Class and Participating Claimants subject to the Judgment, and in light of their agreement and their implicit certification, it shall not be necessary for them to be sent a Notice re: Pendency of Class Action or for them to complete a Settlement Claim Certification Form. The Settling Parties agree that Advest shall report the payments of ten thousand dollars each to Battaline and Ross as non-wage income in the year of payment. Advest will report the payment of the Class Representatives' Settlement Sums according to the terms of this Agreement. Other than the reporting and withholding set forth in this Paragraph, Battaline and Ross shall each be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment(s) made to them pursuant to this Paragraph.

2.8.3        Unless otherwise expressly provided, Advest shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Mark Battaline, Vincent Ross, Class Counsel and/or any other person who may assert some claim thereto of any award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment pursuant to Paragraph 2.8.1 or 2.8.2.

2.9        *Claims Administrator.*

2.9.1        Advest shall be responsible for the fees and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes expressly required by this Stipulation.  The Class Representatives and Class Counsel shall have no responsibility for such fees or expenses.  The Claims Administrator's fees and expenses shall be paid by Advest separate and apart from the Maximum Settlement Amount.

2.9.2        The actions of the Claims Administrator shall be governed by the terms of this Stipulation.  Advest may provide relevant information needed by the Claims Administrator per this Stipulation and engage in related communications with the Claims Administrator without notice or copies to Class Counsel, any Class Members or the Court. Advest may make payment to the Claims Administrator for its services and engage in related communications with the Claims Administrator without notice or copies to Class Counsel, any Class Members or the Court.  Advest may provide instructions to the Claims Administrator with regard to actions required by this Stipulation and engage in related communications with the Claims Administrator without notice or copies to Class Counsel, any Class Members or the Court.

2.9.3        Any response by the Claims Administrator to a question or inquiry by a Class Member is subject to the prior approval of Advest and Class Counsel.

2.9.4        In the event that the Class Representatives or Class Counsel take the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, Class Counsel shall meet and confer with counsel for Advest prior to raising any such issue with the Claims Administrator or the Court.

2.10    *Termination of Settlement*

2.10.1         In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur, no payments shall be made by Advest to anyone in accordance with the terms of this Stipulation, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Stipulation shall be deemed null and void with no effect on the Litigation whatsoever.  In the event that five (5) percent or more of Rule 23 Class Members opt out of the Settlement Class pursuant to Paragraph 2.5.3, Advest shall have the absolute discretionary right to terminate this settlement and Stipulation.

2.11    *Miscellaneous Provisions.*

2.11.1         The only Class Members entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their respective Settlement Sums only. This Stipulation and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required. The provisions of California Code of Civil Procedure section 384 and any similar law of any jurisdiction, do not apply to this action or this Stipulation, and any finding to the contrary will be a ground for Advest to void the settlement. Those parts of the Avaliable Claims Settlement Pool that are not claimed shall remain the property of Advest, and any finding to the contrary will be a ground for Advest to void the settlement.

2.11.2         No person shall have any claim against Class Counsel, the Claims Administrator, counsel for Advest or any of the Advest Releasees based on the payments made or other actions taken substantially in accordance with the Stipulation and the settlement contained therein or further orders of the Court.

2.11.3         Unless otherwise ordered by the Court, in the event the Stipulation shall be terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20) business days after written notification of such event, Advest and Class Counsel shall notify each other of this event in writing.

- 26 -

2.11.4          In the event that the Stipulation is not substantially approved by the Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Stipulation is otherwise provided in this Stipulation, the Settling Parties shall resume the Litigation at that time as if no Stipulation had been entered.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc. Notwithstanding any other provision of this Stipulation, no order of the Court reducing, or modification or reversal on appeal of any order of the Court reducing the amount of any attorney fees to be paid by Advest to Class Counsel and/or the enhancement payments to the Class Representatives shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment.

2.11.5          The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

2.11.6          The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.11.7          Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Advest Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

- 27 -

omission of the Advest Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.11.8          All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.11.9          The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.11.10         The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

2.11.11         Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

2.11.12         Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.11.13         The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

2.11.14         The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries.

2.11.15         The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction

of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

2.11.16    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Pennsylvania, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Pennsylvania without giving effect to that State's choice of law principles.

2.11.17    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Stipulation. The parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

2.11.18    The Class Representatives and Class Counsel shall not cause any aspect of this Lawsuit or the terms of this Stipulation to be reported to the media or news reporting services.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

DATED: _6-21___, 2007          By: _____
                                        MARK BATTALINE

                                  Plaintiff and Class Representative

DATED: _6/21___, 2007          By: _____
                                        VINCENT ROSS

                                  Plaintiff and Class Representative

- 29 -

3093034.1

DATED: ___June 25___, 2007

By:_____
ALLAN DINKOFF, ESQ.

For Defendant ADVEST, INC.

APPROVED TO AS TO FORM:

CARLSON LYNCH
   BRUCE CARLSON
   GARY LYNCH

DATED: _____, 2007

By:_____
GARY LYNCH

Attorney for Plaintiffs

MUNGER, TOLLES & OLSON LLP
   TERRY E. SANCHEZ
   KATHERINE M. FORSTER

DATED: ___June 28___, 2007

By:_____
KATHERINE M. FORSTER

Attorneys for Defendant

- 30 -

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BATTALINE, an individual, and , VINCENT ROSS, an individual, | Civil Action No.  06-569 **Judge Gary L. Lancaster** **Electronically Filed** |
| Plaintiff, | |
| v. | |
| ADVEST, INC.,  corporation, | |
| Defendant. | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING DISSEMINATION OF NOTICE TO THE CLASS AND SCHEDULING A SETTLEMENT HEARING (EXHIBIT 1)

The Court has considered the Stipulation Re: Settlement of Class Action and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a settlement hearing, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.      All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation");

2.      The Class Representatives and Advest, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.      The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no effect on the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among

- 1 -

members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims

of Class Representatives Mark Battaline and Vincent Ross are typical of the claims of the

members of the proposed Class; (d) Class Representatives Mark Battaline and Vincent Ross will

fairly and adequately protect the interests of the Members of the Class; (e) a class action is

superior to other available methods for an efficient adjudication of this controversy; and (f) the

counsel of record for the Class Representatives is qualified to serve as counsel for the Class

Representatives in their own capacities as well as their representative capacities and for the Class;

        4.      The Court preliminarily concludes that, for the purposes of approving this

settlement only and for no other purpose and with no other effect on the Litigation, including no

effect on the Litigation should the Stipulation not ultimately be approved or should the Effective

Date not occur, the proposed FLSA Class meets the requirements for collective action

certification under Section 216(b) of the Fair Labor Standards Act because the Class

Representatives and the Members of the FLSA Class are similarly situated;

        5.      The moving parties also have presented to the Court for review a

Stipulation Re: Settlement of Class Action.  The Stipulation is within the range of reasonableness

and meets the requirements for preliminary approval; and

        6.      The moving parties have presented to the Court for review a plan to

provide notice to the proposed Class of the terms of the settlement and the various options the

Class has, including, among other things, the option for Rule 23 Class Members to opt out of the

class action; the option for FLSA Class Members to opt into the collective action and become

members of the Settlement Class; the option to be represented by counsel of their choosing;

and/or the option to become a Participating Claimant.  The notice will be mailed to all Class

Members at their Last Known Addresses.  The notice plan proposed by the Settling Parties is the

best practicable under the circumstances.

        Good cause appearing therefore, IT IS HEREBY ORDERED that:

        1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation

of Settlement is preliminarily approved;

        2.      Pursuant to Section 216(b) of the Fair Labor Standards Act, the Stipulation

of Settlement is preliminarily approved;

        3.     Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by mailing of the Notice to Class Members Re: Pendency of a Class Action by first class, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation.  Advest shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

        4.     A hearing shall be held before this Court on _____, 2007, at _____ to consider whether the settlement should be given final approval by the Court:

        (a)     Written objections by Class Members to the proposed settlement will be considered if received by the Claims Administrator or Class Counsel on or before the Notice Response Deadline;

        (b)     At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

        (c)     Class Counsel and counsel for Advest should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

        4.     In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____       _____

                                     The Honorable Gary L. Lancaster
                                     United States District Judge

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK BATTALINE, an individual, and , VINCENT ROSS, an individual,<br><br>               Plaintiff,<br><br>          v.<br><br>ADVEST, INC.,  corporation,<br><br>               Defendant. | Civil Action No.  06-569<br>**Judge Gary L. Lancaster**<br>**Electronically Filed** |

**[PROPOSED] NOTICE TO CLASS MEMBERS (EXHIBIT 2)**

[CLASS MEMBER NAME]
[CLASS MEMBER ADDRESS]
                        [CONTROL NUMBER, IF ANY]

**THIS NOTICE MAY AFFECT YOUR RIGHTS;**
**PLEASE READ IT CAREFULLY.**
**PLEASE DO NOT CONTACT THE COURT OR**
**THE COURT CLERK REGARDING THIS MATTER.**

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE**
**COURT. IT SHOULD NOT BE UNDERSTOOD TO BE AN EXPRESSION OF THE**
**COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE**
**PARTIES.**

## I. INTRODUCTION AND SUMMARY

This is to notify you of a claim filed on April 28, 2006, by Mark Battaline and Vincent Ross against Advest, Inc. ("Advest") concerning their compensation as Financial Advisors. Mr. Battaline and Mr. Ross claim that Advest failed to compensate them and other Financial Advisors employed in the United States in accordance with applicable laws. They also claim that Advest made deductions from or adjustments to their compensation and/or failed to reimburse them and other Financial Advisors for certain business costs. Mr. Battaline and Mr. Ross bring their claims on behalf of Financial Advisors employed by Advest in the United States who did not and never did become employed by Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") after its acquisition of Advest in December 2005. You, the person named above, have received this notice because Advest records suggest you are a member of this class of people.

Advest has reviewed these claims in detail, and it has denied any wrongdoing or liability in this matter. Although Advest feels it has strong grounds for contesting and defeating these claims, it has instead worked with Mr. Battaline and Mr. Ross and their counsel to resolve this matter. In doing so, Advest has not admitted to any liability, but it has agreed to resolve any possible questions and avoid the further expense and burden of litigation pursuant to the procedure set forth in this notice.

The purpose of this Notice is to inform you of the pending settlement agreement and your rights under it. Because you have received this Notice to Class Members, you are one of the Financial Advisors employed by Advest in the United States who is included in the proposed class and is eligible to receive monetary compensation by participating in the

- 2 -

settlement.

    This Notice will provide instructions on the options available to you.  Depending what state you worked in for Advest, your options differ.

    **If you worked for Advest in Connecticut, Florida, Massachusetts, New York, Ohio or Pennsylvania**, you can, among other things, either participate in this settlement by submitting a claim for monetary payment or opt out of the settlement altogether.  If you do not take any action, you will be subject to this agreement and the associated judgment (and the associated release), but you will not receive any payment.

    **If you worked for Advest in any other state**, you can, among other things, either participate in this settlement by opting into the settlement and submitting a claim for monetary payment, or you may take no action, which will result in your being excluded from the settlement. If you do not take any action, you will be not subject to this agreement and the associated judgment (or the associated release), but you also will not receive any payment.

    Please understand that this is not a notice of a lawsuit against you.  You have not been sued.  Please review this Notice and consider the options outlined herein carefully.

## II.  DESCRIPTION OF THE UNDERLYING CLAIM

    Class Representatives Mark Battaline and Vincent Ross filed the original complaint in the instant action on April 28, 2006, and an amended complaint on _____, 2007.  In their amended complaint, they claim on behalf of themselves and others who were employed by Advest as Financial Advisors in the United States, but who did not and never did become employed by Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") after Merrill Lynch acquired Advest in December 2005, that Advest misclassified them as "exempt" employees, i.e., employees who are exempt under federal law from premium overtime requirements, and therefore failed to pay them overtime wages for hours worked in excess of forty hours in a week during the pertinent period.  They also claim on behalf of a subset of those people, i.e., those who were employed in six specific states (Connecticut, Florida, Massachusetss, New York, Ohio and Pennsylvania), that Advest failed to compensate them properly under applicable state law by failing to pay premium overtime wages and/or by making deductions from

or adjustments during the calculation of compensation and/or charging or failing to reimburse some Financial Advisors for certain business expenses such as supplemental support staff costs and imposing the costs of, or imposing monetary penalties for, work-related errors or mistakes.

Although Advest has ample basis to contest the allegations in the Complaint, Advest has opted to work with Mr. Battaline and Mr. Ross in an effort to resolve their claims. Accordingly, and subject to court approval, the parties have entered a settlement agreement that provides for the certification of two classes (referred to collecively herein as the "Class"):

(1) A collective action class under the Fair Labor Standards Act (hereafter the "FLSA Class") consisting of all individuals who choose to opt into the litigation who were employed by Advest during the relevant time period as Financial Advisors in the United States but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005; and

(2) A class under Rule 23 of the Federal Rules of Civil Procedure (hereafter the "Rule 23 Class") consisting of all individuals who were employed by Advest during the relevant time period as Financial Advisors in Connecticut, Florida, Massachusetss, New York, Ohio and/or Pennsylvania but who did not and never did become employed by Merrill Lynch after it acquired Advest in December 2005.

A chart by state is included in this Notice to help you determine which of these classes you belong to, the relevant time period applicable to you and what your options are in responding to this Notice.

Subject to Court approval and other conditions, this settlement will provide for the payment of a settlement sum to eligible individuals who properly submit claim forms. The terms of this settlement will be discussed in greater detail below.

### III.    CERTIFICATION AND HEARING THEREON

On or about _____, 2007, pursuant to the procedures for the approval of collective actions under the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, the Court granted preliminary approval for the settlement of this matter as a class action and scheduled a hearing on final approval for _____, 2007, at _____. This

- 4 -

hearing will take place before the Honorable Gary L. Lancaster, Courtroom 3A, Third Floor, U.S. Post Office & Courthouse, Seventh Avenue & Grant Street, Pittsburgh, Pennsylvania 15219. **Members of the Class, including you, the person named at the beginning of this notice, can express their views on the settlement at or before this hearing, but you are not required to do so, nor are you required to attend this hearing to exercise any of your rights, including either the right to participate in this settlement or the right to opt into or out of this action. Members of the Class can exercise such rights by following the instructions contained in this Notice; again, no appearance at the hearing is required.**

In addition to scheduling this hearing, the Court approved this Notice and approved the request to mail this Notice to all members of the relevant Class. This conditional certification order does not reflect the Court's opinion on the merits of any claim or defense raised by the parties.

A full copy of this conditional certification order as well as other public documents filed with regard to this matter can be inspected and copied in the Office of the Court Clerk. Please see Section VIII of this Notice for further details.

### IV.     CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, the recipient of this Notice, i.e., you, wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

### V.     SETTLEMENT

On behalf of other members of the Settlement Class, the Class Representatives have reached a voluntary settlement agreement with Advest. Through this settlement, neither Advest nor any of its affiliates or successors or any of those entities' employees have admitted any liability or wrongdoing. A full copy of the settlement agreement as preliminarily approved by the Court as well as other public documents filed with regard to this matter can be inspected in the Office of the Court Clerk. Please see Section VIII of this Notice for further details.

Under the terms of the settlement, Rule 23 Class Members who do not opt out of

- 5 -

the settlement will remain subject to the judgment and be precluded from bringing any "Released Claims" against Advest or any of its successors or affiliates in the future, whether they submit claim forms or not. FLSA Class Members—i.e., those who worked in a state *other than* Connecticut, Florida, Massachusetts, New York, Ohio or Pennsylvania—who opt into the Litigation will be subject to the judgment and precluded from bringing any "Released Claims" against against Advest or any of its successors or affiliates in the future, whether they submit claim forms or not. The members of the Rule 23 Class and the FLSA Class are collectively referred to herein as the "Settlement Class."

Settlement Class Members will be precluded from bringing "Released Claims," which are defined as any claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Advest or any of its successors or affiliates, and any of those entities' employees, agents, officers or directors, that accrued at any time on or prior to the [PRELIMINARY APPROVAL DATE] for any type of relief, including without limitation claims for wages, overtime pay, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including, without limitation, claims for unpaid overtime wages or meal and rest period violations, alleging, or flowing from alleged, misclassification of employees as exempt employees, i.e., employees who are exempt under federal and/or applicable state law from premium overtime requirements, meal and rest period requirements, or all other wage and hour requirements imposed on employees who do not qualify for any exemption including, without limitation, the executive, administrative, professional and/or inside sales exemptions set forth under state and/or federal law; (b) any and all claims alleging the improper imposition of costs or penalties for errors or mistakes on employees, including, without limitation, claims for improper trading error deductions; and (c) any and all claims for failure to reimburse or cover or pay for alleged business costs, including, without limitation, claims for reimbursement of costs spent on or imposed for any type of business expenses or supplemental

support staff.  The Released Claims include, without limitation, claims meeting the above definition at common law or at equity and claims arising under statute in any jurisdiction applicable to that particular Class Member, including, without limitation, the federal Fair Labor Standards Act, the Portal to Portal Act and the statutory law of any state and/or the District of Columbia.

Through this release, all Settlement Class Members shall be deemed to have, and by operation of the judgment shall have, expressly waived, the rights and benefits of California Civil Code section 1542 or any similar provision of the law of any state.  Civil Code section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settlement Class Members who submit qualifying claim forms in a proper manner will receive a payment according to the number of months they worked at Advest as a Financial Advisor during the pertinent period.  Specifically, under the terms of this settlement, Settlement Class members who submit qualifying claim forms will receive payment in a gross amount, less required deductions and/or withholdings, equal to a Settlement Sum Variable (currently estimated to be approximately $45.25) multiplied by their number of qualifying work months at Advest during the pertinent period.

Advest records demonstrate that you, the Class Member named at the top of this notice, worked _____ qualifying work months during the pertinent period.

A portion of any payment made pursuant to a participating claimant will be subject to required wage withholdings and deductions, and so the net payable amount will be less than the gross amount of settlement sum.  Specifically, Advest will report the fifty percent of this payment to relevant government entities as a wage payment, and the remainder will be reported as a non-wage payment.  Advest reserves the right to make any required withholdings or deductions as required by applicable law, and class members should be advised that Advest will report any

- 7 -

payments made pursuant to this agreement to the Internal Revenue Service and other relevant government entities (if any) as required by law.

Pursuant to the settlement and subject to final approval by the Court, the attorneys for Mr. Battaline, Mr. Ross and the Class (herein "Class Counsel") will be paid a sum sufficient to compensate them for their services in this matter. Advest will pay this sum, which must be approved by the Court. Class Members will not be required to separately compensate Class Counsel.

**Only those individuals who remain or become members of the Settlement Class will be eligible to participate in this settlement and receive payment under this agreement, and only those individuals who submit qualifying claim forms will receive payment.**

**If you worked in a state covered only by the FLSA Class (i.e., any state except Connecticut, Florida, Massachusetts, New York, Ohio or Pennsylvania), you will not become a member of the Settlement Class or be eligible to receive payment unless you opt into the litigation by returning Form B attached.**

**If you worked in a state covered by the Rule 23 Class (i.e., Connecticut, Florida, Massachusetts, New York, Ohio or Pennsylvania) and you opt out of the settlement, you will not be eligible to receive any payment pursuant to this settlement, nor will you be bound by the judgment and associated waiver or release of related claims.**

Neither Mr. Battaline, Mr. Ross, Class Counsel nor Advest makes any representations concerning the tax consequences of this settlement or participation in it, and you might want to seek tax advice should you decide to participate in the settlement.

## VI.     THE RIGHTS AND OPTIONS OF CLASS MEMBERS

You have several options in responding to this Notice. Included in this Notice is a chart that explains the relevant time periods at issue in the Litigation and how you can exercise various options in response to this Notice. Regardless of where you resided then or now, you should refer to the state where you worked as an Advest Financial Advisor or Investment Executive. Please review the entire Notice, however, because the chart does not reflect the full

- 8 -

range of options available to you as a Class Member.  It is provided only as a convenience and to explain the applicable time period for each state.

### For those individuals who worked for Advest in Connecticut, Florida, Massachusetts, New York, Ohio or Pennsylvania (i.e., members of the Rule 23 Class):

**First**, you may elect to "opt out" of the Settlement Class and thus exclude yourself from this action and the associated settlement and judgment.  Rule 23 Class Members who opt out of this action would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring otherwise waived Released Claims against Advest. Rule 23 Class members who wish to exercise this option should notify the Claims Administrator in writing.  This writing must be mailed and postmarked no later than [NOTICE RESPONSE DEADLINE].  Rule 23 Class Members who opt out of this lawsuit and the associated settlement forfeit their right to submit a claim for payment under the specific settlement described herein.

**Second**, you may do nothing, in which case you will be part of the Settlement Class, and you will be subject to the judgment rendered in this action, i.e., the judgment issued in connection with the settlement obtained for the class.  You will also be eligible to receive payment under the settlement **provided that you properly submit a claim form**.  All Rule 23 Class Members who do not opt out of the litigation will be represented by the Class Representatives (Mr. Battaline and Mr. Ross) and Class Counsel.  Class Counsel in this matter is the law firm of Carlson Lynch:

CARLSON LYNCH, LTD.
231 Melville Lane,
P.O. Box 367
1.800.467.5241
glynch@carlsonlynch.com


If you properly submit a claim form, you will receive payment pursuant to the settlement agreement according to the formula set forth in Section V above.  (Above, this Notice discusses the settlement, the associated judgment in this matter, and the effect of this judgment.) **Only those Rule 23 Class Members who properly submit claim forms will receive payment**. Rule 23 Class members who wish to submit a claim and receive payment must review the form

entitled "Settlement Claim Certification Form" attached to this Notice as Form B, and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form.

Whether they submit a claim for payment or not, all members of the Rule 23 Class who do not opt out of the settlement using the procedure discussed above shall be deemed to have forever released and discharged Advest and all of its past and present successors and affiliates and any of those entites' directors, officers, agents and employees from any and all Released Claims, as that term is defined above and in the Stipulation of Settlement on file with the Court.

In addition, Rule 23 Class Members may participate in this lawsuit at their own expense by obtaining their own attorneys. Rule 23 Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.

**For those individuals who worked for Advest in any state *other than* Connecticut, Florida, Massachusetts, New York, Ohio or Pennsylvania (i.e., members of the FLSA Class):**

**First**, you may elect to opt into the litigation. **You must opt in in order to pariciapte in the settlement**. FLSA Class Members who wish to opt in must review the form entitled "Opt In Form" attached to this Notice as Form B, and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form. If you choose this option, you will become part of the FLSA Class and will be represented by the Class Representatives (Mr. Battaline and Mr. Ross) and Class Counsel. Class counsel in this matter are Bruce Carlson and Gary Lynch of Carlson Lynch, Ltd.

If you choose this option and properly submit a claim form, you will receive payment pursuant to the settlement agreement according to the formula set forth in Section V above, and you will be subject to the judgment rendered in this action, i.e., the judgment issued in connection with the settlement obtained for the class. (Above, this Notice discusses the settlement, the associated judgment in this matter, and the effect of this judgment.) **Only those FLSA Class Members who properly submit claim forms will receive payment**. FLSA Class members who wish to submit a claim and receive payment must review the form entitled

- 10 -

"Settlement Claim Certification Form" attached to this Notice as Form C and then fully complete, execute and mail this election notice in the manner and by the deadline specified on the form.

**Second**, you may do nothing. If you choose this option, you will not become a member of the Settlement Class and thus will be excluded from this action and the associated settlement and judgment. You would remain free, subject to the statute of limitations and applicable statutory, common law or other restrictions, to bring otherwise waived Released Claims against Advest. You would also forfeit your right to submit a claim for payment under the specific settlement described herein.

In addition, you may participate in this lawsuit at your own expense by obtaining your own attorney. If you choose this option, you will be responsible for any attorney fees or costs incurred as a result of this election.

## VI.    THE PEOPLE RECEIVING THIS NOTICE

The Class Representatives have brought this action as a class and collective action. In class and/or collective actions, one or more persons bring claims on behalf of themselves and others who purportedly are in similar situations or have similar claims. In other words, the Class Representatives seek to represent those who are similarly situated and thus may also have similar or related claims. In order to ensure that all potential Class Members are given an adequate opportunity to protect their rights, this Notice is being mailed to the last known addresses of all Class Members.

## VII.   HEARING ON SETTLEMENT

The Court will hold a hearing on the advisability and propriety of this settlement on _____, 2007, at _____. This hearing will take place before the Honorable Gary L. Lancaster, Courtroom 3A, Third Floor, U.S. Post Office & Courthouse, Seventh Avenue & Grant Street, Pittsburgh, Pennsylvania 15219. Prior to this hearing, Class Members may submit any written objections to the settlement agreement by delivering them to Class Counsel, address provided above, on or before [NOTICE RESPONSE DEADLINE]. Class Counsel will present these objections to the Court. Class Members may also attend this hearing to express their views in support of the settlement or, provided they have timely submitted written objections, to state

- 11 -

any objections to the settlement. **Attendance at this hearing is completely optional; attendance at the hearing is not required to opt into or out of the lawsuit or to participate in the settlement.**

## VIII.   EXAMINATION OF PAPERS FILED IN THIS ACTION

This Notice does not fully describe the action.  Members of the public, including but not limited to those whose rights may be affected by this action, may inspect the files at the Office of the Court Clerk at the following address:  Office of the Clerk, United States District Court for the Western District of Pennsylvania, U.S. Post Office & Courthouse, Seventh Avenue & Grant Street, Pittsburgh, Pennsylvania 15219.

*PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF*
*THE COURT WITH QUESTIONS REGARDING THIS ACTION.*

SENT BY ADVEST (WITH THE CONSENT OF THE CLASS REPRESENTATIVES, CLASS COUNSEL AND THE APPROVAL OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA).

**FORM A**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

## Change of Name and/or Address Information

Pursuant to the Notice to Class Members, I wish to change my name and/or mailing address information to the following:

Name:

Street and Apt. No., if any:

City, State and Zip Code:

For purposes of verification only, I began working at Advest in

_____, _____.

(Month)                (Year)

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Submitted By:

_____

Print Name

_____

Signature

_____

Date

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re:  Battaline/Advest Matter

P.O. Box \_\_\_\_\_, Minneapolis, MN 55440-9407

**THIS FORM MUST BE RECEIVED BY [NOTICE RESPONSE DEADLINE]**

**TO CHANGE YOUR ADDRESS**

**FORM B**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

## Opt In Form for FLSA Class Members

Pursuant to the Notice and the federal Fair Labor Standards Act, 29 U.S.C. § 216(a), I hereby consent to become a party plaintiff in the Litigation.

Name of Class Member (print):

Address:

City, State and Zip Code:

Date: _____

Signature: _____

For purposes of verification only, I began working at Advest in

_____, _____.

(Month)                    (Year)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.

Re: Battaline/Advest Matter

P.O. Box _____, Minneapolis, MN 55440-9407

**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE] IN ORDER TO BE VALID AND EFFECTIVE.**

**FORM C**

**FOR**

**NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF**

## Settlement Claim Certification Form

Pursuant to the Notice, I hereby certify that I am eligible to participate in this settlement because (a) I was employed by Advest as a Financial Advisor or Investment Executive during the applicable time period for the state in which I worked, as reflected on the chart included in the Notice; and (b) when I was so employed, I (i) worked more than forty (40) hours in a week and was not paid premium overtime wages and/or (ii) was subject to deductions from or adjustments during the calculation of my commissions or otherwise charged for business-related costs.

I further acknowledge that I understand that by exercising this option, my recovery will be the gross amount calculated pursuant to the settlement formula and my individual number of qualifying work months listed in this notice, and nothing further. I also understand that by participating in this settlement, I will be subject to the judgment, waive the protections of California Civil Code Section 1542[1] and any similar law of any jurisdiction and will be precluded from pursuing any Released Claims, as defined in the Notice and in the settlement agreement.

Name of Class Member (print):

Address:

City, State and Zip Code:

Date: _____

Signature: _____

For purposes of verification only, I began working at Advest in

_____, _____.

(Month)                    (Year)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

---

[1] California Civil Code Section 1542 provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

- 18 -

Rust Consulting, Inc.

Re: Battaline/Advest Matter

P.O. Box _____, Minneapolis, MN 55440-9407

**FORMS MUST BE RECEIVED NO LATER THAN [NOTICE RESPONSE DEADLINE]**

**IN ORDER TO BE VALID AND EFFECTIVE.**

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK BATTALINE, an individual, and ,
VINCENT ROSS, an individual,

          Plaintiff,

    v.

ADVEST, INC.,  corporation,

          Defendant.

Civil Action No.  06-569
**Judge Gary L. Lancaster**
**Electronically Filed**

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (EXHIBIT 3)

        Having considered the Stipulation Re: Settlement of Class Action ("Stipulation") and all other materials properly before the Court and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation was entered by all parties in good faith, and the Stipulation is approved.  The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Stipulation.  Advest, itself or through the Claims Administrator, shall make the payments to the Participating Claimants, Class Representatives and Class Counsel as provided for in the Stipulation.

        PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

          _____
          The Honorable Gary L. Lancaster
          United States District Court Judge

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK BATTALINE, an individual, and , VINCENT ROSS, an individual, | Civil Action No. 06-569 **Judge Gary L. Lancaster** **Electronically Filed** |
| Plaintiff, | |
| v. | |
| ADVEST, INC., corporation, | |
| Defendant. | |

### [PROPOSED] JUDGMENT (EXHIBIT 4)

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and Advest.

3. The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based

on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.

4.      The Court finds in favor of settlement approval.

5.      The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6.      Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Rule 23 Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Rule 23 Class.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

7.      All of the Released Claims are dismissed with prejudice as to the Members of the FLSA Class (identified in Attachment B hereto).  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

8.      Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

9.      With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that:  (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives Mark Battaline and Vincent Ross are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for the

plaintiffs in their individual and representative capacities and for the Rule 23 Class.

        10.     With respect to the FLSA Class and for purposes of approving this settlement only, this Court finds and concludes that the proposed FLSA Class meets the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act because the Class Representatives and the Members of the FLSA Class are similarly situated

        11.     By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims), including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Advest, each of its affiliates (including, but not limited to, AXA Financial, Inc., and any other parents and/or subsidiaries), predecessors, successors (including, but not limited to, Merrill Lynch), divisions, joint ventures and assigns, and each of those entities' past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, that accrued at any time on or prior to the [PRELIMINARY APPROVAL DATE] for any type of relief, including, without limitation, claims for wages, overtime pay, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including, without limitation, claims for unpaid overtime wages or meal and rest period violations, alleging, or flowing from alleged, misclassification of employees as exempt employees, i.e., employees who are exempt under federal and/or applicable state law from premium overtime requirements, meal and rest period requirements, or all other wage and hour requirements imposed on employees who do not qualify for any exemption including, without limitation, the executive, administrative, professional and/or inside sales exemptions set forth under state and/or federal law; (b) any and all claims alleging the improper imposition of costs or

- 3 -

penalties for errors or mistakes on employees, including, without limitation, claims for improper

trading error deductions; and (c) any and all claims for failure to reimburse or cover or pay for

alleged business costs, including, without limitation, claims for reimbursement of costs spent on

or imposed for any type of business expenses or supplemental support staff.  The Released

Claims include, without limitation, claims meeting the above definition at common law or at

equity and claims arising under any and all statutes of any jurisdiction applicable to that particular

Class Member, including, without limitation, the federal Fair Labor Standards Act, the Portal to

Portal Act and the statutes of any state and/or the District of Columbia.  This matter is hereby

dismissed with prejudice.

        12.     Neither the Stipulation nor the settlement contained therein, nor any act

performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:

(i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of

any Released Claim, or of any wrongdoing or liability of Advest or any of the Advest Releasees;

or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

omission of Advest or any of the Advest Releasees in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal.  Advest or any of the Advest

Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action

that may be brought against them in order to support a defense or counterclaim based on

principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or

reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

        13.     The only Settlement Class Members entitled to payment pursuant to this

Judgment are Participating Claimants.  Neither the Stipulation nor this Judgment will result in the

creation of any unpaid residue or residual.

        14.     Advest has agreed to pay Class Counsel their reasonable attorneys' fees in

this matter as well as certain allowable costs in this matter, and Advest has agreed to pay an

incentive to the Class Representatives to reimburse them for their unique services.  The Court

finds that these agreements are fair and reasonable.  Advest is directed to make such payments in

accordance with the terms of the Stipulation.

15.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and Advest for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

16.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


DATED: _____          _____
                                        The Honorable Gary L. Lancaster
                                        United States District Court Judge