IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK BATTALINE, an individual, and , VINCENT ROSS, an individual,

Plaintiff,

v.

ADVEST, INC., corporation,

Defendant.

Civil Action No. 06-569
**Judge Gary L. Lancaster**
**Electronically Filed**

**JUDGMENT**

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and Advest.

3. The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual

notice to the class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6. Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Rule 23 Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Rule 23 Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

7. All of the Released Claims are dismissed with prejudice as to the Members of the FLSA Class (identified in Attachment B hereto). The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

8. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

9. With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives Mark Battaline and Vincent Ross are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

10. With respect to the FLSA Class and for purposes of approving this settlement only, this Court finds and concludes that the proposed FLSA Class meets the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act because the Class Representatives and the Members of the FLSA Class are similarly situated.

11. By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims), including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Advest, each of its affiliates (including, but not limited to, AXA Financial, Inc., and any other parents and/or subsidiaries), predecessors, successors (including, but not limited to, Merrill Lynch), divisions, joint ventures and assigns, and each of those entities' past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, that accrued at any time on or prior to April 8, 2008 for any type of relief, including, without limitation, claims for wages, overtime pay, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims, including, without limitation, claims for unpaid overtime wages or meal and rest period violations, alleging, or flowing from alleged, misclassification of employees as exempt employees, i.e., employees who are exempt under federal and/or applicable state law from premium overtime requirements, meal and rest period requirements, or all other wage and hour requirements imposed on employees who do not qualify for any exemption including, without limitation, the executive, administrative, professional and/or inside sales exemptions set forth under state and/or federal law; (b) any and all claims alleging the improper imposition of costs or penalties for errors or mistakes on employees, including, without limitation, claims for improper trading error

trading error deductions; and (c) any and all claims for failure to reimburse or cover or pay for alleged business costs, including, without limitation, claims for reimbursement of costs spent on or imposed for any type of business expenses or supplemental support staff. The Released Claims include, without limitation, claims meeting the above definition at common law or at equity and claims arising under any and all statutes of any jurisdiction applicable to that particular Class Member, including, without limitation, the federal Fair Labor Standards Act, the Portal to Portal Act and the statutes of any state and/or the District of Columbia. This matter is hereby dismissed with prejudice.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Advest or any of the Advest Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Advest or any of the Advest Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Advest or any of the Advest Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants. Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

14. Advest has agreed to pay Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter, and Advest has agreed to pay an incentive to the Class Representatives to reimburse them for their unique services. The Court finds that these agreements are fair and reasonable. Advest is directed to make such payments in accordance with the terms of the Stipulation.

15. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and Advest for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

16. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 9/16/08

G L Lancaster
The Honorable Gary L. Lancaster
United States District Court Judge

# Attachment A
# To Judgment

**Michael E. Doherty**

**Attachment B**
**To Judgment**

Richard Debruin
Alan Glaubinger
Dennis Guetterman
Robert J. Doty
Russell B. Dow
Michael D. Ruccio
Stephen Querzoli
Ronald W. Kent
John Delany, Jr.
Ralph D. Janitell
Joseph W. Saufley
Richard E. Bates
Fred L. Socoloff
Joseph Sarbello, Jr.
Timothy F. Fisher
Robert Cooper
Michael F. Goodwin
James Moon
Richard D. Goldfine
Robert Gleason, Jr.
Andrew L. Rome
Robert S. Engel
Diane D. Goolsby
Michael V. Dow
Deborah M. Pease