IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BATTALINE, an individual, and , VINCENT ROSS, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>ADVEST, INC.,  corporation,<br><br>        Defendant. | Civil Action No.  06-569<br><br>Judge Gary L. Lancaster<br><br>**JOINT REQUEST TO STAY EXECUTION OF JUDGMENT**<br><br>[ [Proposed] Order lodged concurrently herewith] |

        The parties hereby jointly request that this Court stay execution of its judgment in this matter entered on September 16, 2008, temporarily so as to permit Defendant Advest, Inc., to provide notice of the settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 et seq.

        It came to Advest's attention on September 22, 2008, that due to an oversight CAFA notices were not previously provided in connection with this matter.  CAFA requires that notice of any settlement of a class action pending in a United States District Court be provided to certain federal and state officials in order to allow them the opportunity to comment on or object to the settlement.  *See* 28 U.S.C. § 1715(a)-(b).   Ordinarily, CAFA notice should be provided within 10 days after preliminary approval of the settlement is sought.  28 U.S.C. § 1715(b).  Moreover, an order of final approval should not be entered earlier than 90 days following the date on which notice is provided to federal and state officials under CAFA.  28 U.S.C. § 1715(d).

        In instances where notice was not provided within the time specified in Section 1715(b), courts have permitted notice to go out later in the process—even after the final fairness hearing.  *See, e.g.*, *Humphrey v. Hexion Specialty Chemicals, Inc.*, Civil Action No. 3:06CV-

1

276-H, 2007 WL 1520929 (W.D. Ky. May 22, 2007) (attached hereto as Exhibit A).  In *Humphrey*, the court permitted CAFA notices to go out after the final fairness hearing had been held and entered a stay of all proceedings until 90 days after the date the defendant provided such notice.  *Id.* at *1-2.  The court further provided that it would rule on the final approval motion at the end of the 90-day period without further hearing or argument unless requested for good cause shown.  *Id.* at *2.

Similarly, another member of this Court recently stayed the effective date of a Judgment granting final approval of a class settlement of claims asserted under the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 *et seq*. ("FACTA"), pending the expiration of the 90 day CAFA notice period.  *See,* Judgment entered in *Ehrheart v. Pro Nebraska, Inc.,* 07-cv-447 (W.D.PA.)(Lenihan, J.), attached as Exhibit B.  Judgment was entered in the *Pro Nebraska* case on December 21, 2007, following a fairness hearing.  However, Paragraph 15 of the Judgment states that [the Judgment] "shall not become effective until January 7, 2008."  Counsel for Plaintiffs in this case were counsel for Plaintiff in *Pro Nebraska*, and said counsel confirm that the reason for delaying the effective date of the Judgment in *Pro Nebraska* was to permit the entire 90 day CAFA notice period to run before the Judgment became effective.  *See also, Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 07-cv-1433 (E.D.PA)(Padova, J.)(Class Settlement of a FACTA case where Judgment was entered on June 5, 2008, but stayed until July 1, 2008, to accommodate 90 day CAFA notice period—Counsel for Plaintiff in this case was also counsel for plaintiff in *Pfaltzgraff*, and a copy of the *Pfaltzgraff* Judgment is attached as Exhibit C.)

The parties here request essentially the same relief that the court fashioned in *Humphrey*.  Although the final approval order and judgment have already been entered here, this Court has retained jurisdiction for the purpose of implementing the judgment, and in any event the parties make this request prior to the expiration of the time to make a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1]  Advest is currently preparing CAFA notices and anticipates sending those notices out on October 1, 2008.  After it has done so, counsel for Advest will submit a declaration to this Court certifying that the notices have been sent.  Accordingly, the parties request that this Court stay execution of the judgment so that the 90-day period can elapse before this Court's judgment becomes effective.  The parties further request that the judgment take effect at the conclusion of the 90-day period without further hearing or action by the parties or the Court, assuming there has been no objection by any government regulator.

The parties believe that the measures outlined above will ensure compliance with CAFA.

---

[1] The parties believe that this Court's judgment, which expressly retains jurisdiction to supervise the "implementation, enforcement, construction, administration and interpretation" of the settlement and the judgment, suffices to establish that this Court has jurisdiction to grant the relief requested.  Nevertheless, in the alternative and out of an abundance of caution, they note the timeliness of this request under Rule 59(e).

Respectfully submitted,

Dated:  September 30, 2008  MUNGER, TOLLES & OLSON LLP

By: /s/ Katherine M. Forster
Terry E. Sanchez
(Cal. State Bar No. 101318, *admitted pro hac vice*)
Katherine M. Forster
(Cal. State Bar No. 217609, *admitted pro hac vice*)
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
terry.sanchez@mto.com
katherine.forster@mto.com

MORGAN LEWIS & BOCKIUS LLP
Christopher K. Ramsey (ID No. 63293)
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3323
Facsimile: (412) 560-7001

Attorneys for Defendant Advest, Inc.

Dated:  September 30, 2008  CARLSON LYNCH LTD

By: /s/ R. Bruce Carlson
Gary F. Lynch (PA ID 56887)
R. Bruce Carson (PA ID 56657)
P.O. Box 7635
36 North Jefferson Street
New Castle, Pennsylvania  16107
Telephone:  (724) 656-1555

Attorneys for Plaintiffs